IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KIMBERLY WALLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TOWNSEND VISION, INC., d/b/a | )  No. 06-3227 |
| TOWNSEND ENGINEERING | ) |
| COMPANY, an Iowa Corporation, | ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This is a personal injury case, wherein the Plaintiff alleges that she was injured while operating a machine manufactured and sold by the Defendant. The Plaintiff asserts claims for strict liability and negligence arising from that incident. Pending before the Court are several motions to strike filed by the Plaintiff.

I.

Plaintiff Kimberly Wallis has moved to strike Exhibits A and C filed

with the response brief by Defendant Townsend Vision, Inc., to Plaintiff's motion for partial summary judgment on the issue of assumption of risk. The Plaintiff states that Exhibit A is an excerpt of the Defendant's retained expert with a one-sentence opinion on the Plaintiff's training.[1] She claims that the Exhibit is not admissible because Defendant has failed to lay a proper foundation.

The Defendant notes that Exhibit A is an excerpt of the Rule 26 expert witness disclosure for its expert, Dan McCausland. In his report, Mr. McCausland states that the Plaintiff was a "trained and performance qualified butt-skinner operator."[2] The complaint alleges that the Plaintiff was employed by Cargill Meat Solutions Corporation, "which was engaged in the business of skinning and processing por[k] for sale to the distributor and retailer."

---

[1] That sentence reads, "Ms. Wallis was a trained and performance qualified skinning machine operator, and had worked on this job for a period of 3 to 4 months prior to the accident; her work was considered fully acceptable (at minimum) by supervisory staff."

[2] The complaint alleges that the Defendant is "engaged in the business of distributing for the ultimate sale to meat processing companies, skinning and meat processing equipment used by their employees in processing pork and other meats."

2

The Defendant contends that, although Mr. McCausland's report itself would not be admissible into evidence at trial, these facts would be admissible if offered by Defendant through its expert. It further notes that Mr. McCausland confirmed these facts in his sworn deposition testimony, which is attached to the response. Citing Rules 702 and 703 of the Federal Rules of Evidence, the Defendant notes that an expert witness may testify about his fact investigation and the results of that investigation, to the extent that such matters are relevant and reliable. The Defendant asserts that, because the excerpt includes "facts that would be admissible into evidence," see Fed. R. Civ. P. 56(e)(1), the Plaintiff's motion should be denied.[3] The Court will DENY the motion to strike as to Exhibit A.

Exhibit C consists of excerpts of the Plaintiff's deposition testimony in a separate case. Because the excerpts are from a deposition in a different case with different parties and issues, the Plaintiff alleges that the Exhibit

---

[3]The Defendant also contends that this and the other "motions to strike" are governed by Fed. R. Civ. P. 12(f), and are merely pre-answer motions that address improper matters in pleadings. Because the motion is not directed against any pleading, therefore, it should be denied. Although this may be a proper reading of the rule, other courts have allowed motions to strike documents filed with summary judgment motions. Moreover, it does not appear that the Seventh Circuit has ever specifically held that this practice is not permitted.

is not admissible pursuant to Fed. R. Civ. P. 32(a)(8).[4]

The Defendant notes that Exhibit C includes excerpts from the Plaintiff's deposition testimony in a Title VII employment lawsuit filed in this Court that arises out of the same incident. Thus, "[s]he has effectively admitted to the same facts in her deposition" in this case. Consequently, the Defendant says that it would be entitled, at trial, to obtain this testimony from the Plaintiff or, alternatively, to impeach her with prior statements if her trial testimony is significantly different.

Rule 32(a)(8) does not state that a deposition taken in an earlier action can <u>only</u> be used if the subject matter and parties are the same. Moreover, it states that an earlier deposition may be used as allowed by the Rules of Evidence. Because it is possible that the previous statements may be admissible under another rule, the Court will DENY the motion to strike Exhibit C.

---

[4] Rule 32(a)(8) states:
> A deposition lawfully taken and, if required, filed in any federal–or state–court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

II.

The Plaintiff also moves to strike Exhibits A, B, C and D filed in support of the Defendant's response to the Plaintiff's motion for partial summary judgment regarding the issue of failure to mitigate damages. In support of the motion, the Plaintiff notes that Exhibit A includes four pages of assorted medical documents which allegedly pertain to her. However, no affidavit or deposition has been filed which lays a foundation for these documents.

The Defendant alleges that Exhibit A consists of medical records of various health care providers for the Plaintiff, showing that Dr. Greene released her to return to work light duty on October 5, 2005. It states that the Plaintiff has no contrary evidence. Moreover, Dr. Michael Beatty has testified that Plaintiff left the care of Dr. Greene because she disagreed with his advice to return to work at light duty. The Defendant further contends that this information is included within medical records either produced by the Plaintiff and her counsel, or the health care providers themselves. Additionally, this information is contained within sworn depositions taken

in this case. Accordingly, the Defendant asserts that these matters are "facts that would be admissible in evidence," see Fed. R. Civ. P. 56(e)(1), and are relevant to the Plaintiff's failure to mitigate damages.

It appears that all of this information was produced by the Plaintiff. The Defendant notes that the records bear Bates numbers put on the documents by Plaintiff's counsel or his staff. Because there does not at this time appear to be any basis for doubting the authenticity of these medical records, the Court will DENY the motion to strike as to Exhibit A.

The Plaintiff further states that Exhibits B and C are unsupported reports of Dr. Wayne Stillings. No affidavit or deposition has been filed which establishes that these are indeed Dr. Stillings's records. Moreover, any deposition concerning these records was taken in another case and is not admissible evidence under Rule 32(a)(8). Exhibit D is a deposition of Dr. Stillings taken in the other case involving the Plaintiff. Because the Defendant was not a party to that case and because the subject matter was completely different, the Plaintiff asserts that the excerpts of this deposition are inadmissible under Rule 32(a)(8).

The Defendant has withdrawn its motion for more time to allow Dr. Stillings to supplement his prior list of testimonies under Fed. R. Civ. P. 26(a)(2)(B)(v) because Dr. Stillings is unable to do so.  Accordingly, the Defendant has withdrawn Exhibits B, C and D.[5]

### III.

The Plaintiff also moves to strike Exhibits A, B and C of the Defendant's response to the Plaintiff's motion for partial summary judgment on the statute of repose defense.  In support of the motion, she first states that Exhibit A consists of two pages of a preliminary report of the Defendant's expert, Mr. McCausland.  Because there is no affidavit or deposition offered for laying a foundation, the Plaintiff alleges that the Exhibit constitutes hearsay.

The Defendant states that Exhibit A is an excerpt of the Rule 26 expert witness disclosure for Mr. McCausland.  It states in part that "[M]r. Darrell Taber, cut floor mechanic working on the day of the accident,

---

[5]The Defendant states that it reserves the right to proffer these and possibly other Exhibits to the Court at trial in an offer of proof regarding Dr. Stillings's opinions in this case, should they be excluded from jury consideration.

identified machine Serial Number 170 as the one on which the accident occurred." The Defendant alleges that although the Rule 26 report and this reference itself would not be admissible into evidence, Mr. McCausland's opinion and its factual basis would be admissible into evidence under Federal Rule of Evidence 703. Rule 703 provides in part:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible into evidence in order for the opinion or inference to be admitted.

Based on the rule, the Defendant alleges that qualified expert witnesses are entitled to testify about their fact investigation and what that investigation has uncovered.

The Defendant alleges that Mr. McCausland's opinion is based on factual information given to him by a percipient accident scene witness (Mr. Taber, who pulled the Plaintiff's mangled left glove out of the machine). Moreover, there was reference to this information in Mr. McCausland's deposition. Thus, it claims that the opinion is clearly admissible.

The Court agrees that the report appears to be admissible under Rule 703.  Moreover, Mr. McCausland testified under oath about the information which serves as the basis for information in the report.  Thus, the motion as to Exhibit A will be DENIED.

Exhibit B is the deposition of Rick W. Clayton.  The Plaintiff alleges that testimony in this deposition is not made on personal knowledge and is inadmissible.  She contends that because the entire content is based on hearsay statements of employees of Cargill Meat Solutions, Inc., the Exhibit constitutes inadmissible hearsay.

The Defendant states that Mr. Clayton is a regional safety manager for Cargill, which is the Plaintiff's employer.  The Defendant alleges that Mr. Clayton should be allowed to testify about the company's post-accident investigation and its findings.  It claims, moreover, that based on the investigation he directed, machine serial number 170 was determined to be the machine involved in this accident.  The Defendant states that Mr. Clayton's testimony was under oath and is admissible.  Moreover, counsel for the Plaintiff was present at the time of the testimony.

The Defendant further contends that the evidence is particularly probative, in that it is consistent with what Mr. Taber told Mr. McCausland during the course of his investigation. Moreover, it is undisputed that it was Cargill personnel who directed the parties to machine serial number 170 at the time of the post-accident inspection. The Court is unable to conclude that the testimony must be barred as based on inadmissible hearsay. Accordingly, the motion to strike will be DENIED as to Exhibit B.

Exhibit C appears to be a sheet of paper concerning the date of manufacture of Townsend Skinner No. 170. The Plaintiff states that there is no affidavit or deposition testimony establishing a foundation for this document and it should be stricken as hearsay.

The Defendant alleges that Exhibit C is its sales record, which indicates that skinning machine serial number 170 was initially sold on March 18, 1994, to Tyson Foods in Marshall, Missouri. Despite the Plaintiff's objection, the Defendant contends that this record would be admissible under the so-called "business records" exception to the hearsay

rule. See Fed. R. Evid. 803(6) ("[R]ecords of Regularly Conducted Activity"). Federal Rule of Evidence 901(b) provides examples of appropriate methods of authentication, which include the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." See Fed. R. Evid. 901(b)(4). The Defendant asserts that the subject record is distinctive in this case.

The Defendant contends that this information is further bolstered by the deposition testimony of Townsend's product safety engineer and Rule 30(b)(6) witness, Steve Cate. The Defendant claims that this sworn testimony serves to authenticate the record. Accordingly, the sales record is probative on the statute of repose issue, and it identifies the sale date of the machine at issue.

Because it appears that the Defendant has established the requisite foundation, the motion to strike will be DENIED as to Exhibit C.

IV.

The Court notes that the Plaintiff's motion for a protective order

under Rule 26(a) and to bar testimony of the Defendant's retained expert witness, Dr. Stillings, pursuant to Rule 26(a) and 37(c)(1), and to strike Exhibits B, C, and D of the Defendant's reply to the Plaintiff's motion for summary judgment on the failure to mitigate damages affirmative defense, is shown as pending before the Court. The Court noted earlier that the Defendant has withdrawn those exhibits. Because the exhibits have been withdrawn and because the Defendant has withdrawn its motion to extend the deadline to depose Dr. Stillings and to supplement his disclosures, it appears that the motion for a protective order is now moot.

Ergo, the Plaintiff's motion to strike Exhibits A and C filed in the Defendant's response to Plaintiff's motion for summary judgment on the issue of assumption of risk [d/e 58] is DENIED. The Plaintiff's motion to strike as to exhibits filed with the Defendant's response to the Plaintiff's motion for partial summary judgment on failure to mitigate damages [d/e 59] is DENIED in PART and GRANTED in PART. It is DENIED as to Exhibit A and GRANTED as to Exhibits B, C and D. The Plaintiff's motion to strike Exhibits A, B and C of the Defendant's response to the Plaintiff's

motion for partial summary judgment on the issue of statute of repose [d/e 60] is DENIED.  The Plaintiff's motion for an Order of Protection and to bar testimony of the Defendant's retained expert and to strike Exhibits B, C and D of the Defendant's reply to the Plaintiff's motion for summary judgment on the failure to mitigate damages affirmative defense [d/e 49] is DENIED AS MOOT.

ENTER: January 30, 2009

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge