IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KIMBERLY WALLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-3227 |
| | ) | |
| TOWNSEND VISION, INC., d/b/a | ) | |
| TOWNSEND ENGINEERING | ) | |
| COMPANY, an Iowa Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The case is before the Court on the Defendant's motion in limine and its motion to amend/correct its answer by stating an additional affirmative defense.

### I.

In its motion in limine, Defendant Townsend Vision, Inc. states that two matters have arisen in pretrial discovery which involve evidence that is inadmissible at trial. <u>First</u>, Townsend claims that before any evidence of other accidents, claims or lawsuits can be presented to the jury, Plaintiff

Kimberly Wallis must make an *in camera* foundational showing of "substantial similarity." <u>Second</u>, Townsend seeks to prevent one of Wallis's expert witnesses, John Bloodgood, from testifying that the skinning machine operated by Wallis was defective in design because it did not have an emergency stop device.

(A)

Townsend asserts that absent a preliminary, foundational showing of "substantial similarity," evidence of other accidents, claims or lawsuits is inadmissible at trial.   <u>See Weir v. Crown Equipment Corp.</u>, 217 F.3d 453, 457-58 (7th Cir. 2000) (citing <u>Nachtsheim v. Beech Aircraft Corp.</u>, 847 F.2d 1261, 1268-69 (7th Cir. 1988)).   It contends that in order for the evidence to be relevant and admissible, Wallis must make this foundational showing outside of the presence of the jury, pursuant to Federal Rule of Evidence 104(a).[1]

In her response brief, Wallis states that during the course of pretrial

---

[1]Rule 104(a) provides, in pertinent part, "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)."

2

discovery, the deposition of Stephen Cate, president of Townsend, was

taken and he testified as follows:

> A.     After Townsend became aware that some operators were
> wearing gloves, it became aware that some operators were
> getting their hands caught in its skinning machines.
>
> B.     In the late 1980s Townsend observed that some people
> were operating its open top skinning machines with "dishpan"
> gloves that you could buy at a hardware store or grocery store.
>
> C.     If an operator of a Townsend Model 7600 skinner was
> wearing woven cotton gloves and they got their hand caught in
> the roller, they would not be able to get their hand out.
>
> D.     Townsend tested gloves in 1985 and again in 1994 and
> 1995.

Wallis contends that Townsend's argument that Wallis must make a

foundational showing of "substantial similarity" between the prior accidents

involving the Townsend Model 7600 skinning machine and the accident in

question mischaracterizes the evidence that she seeks to present.

Wallis asserts that she is not attempting to have evidence of specific

accidents, claims or lawsuits admitted into evidence because she has no

specific knowledge of other accidents, claims or lawsuits.  Rather, Wallis

claims to be alleging that the deposition testimony of Townsend's own

3

witness, Stephen Cate, who testified that "after Townsend became aware that some operators were wearing gloves, it became aware that some operators were getting their hands caught in its skinning machines," should be admissible at trial.  According to Wallis, the testimony shows that Townsend was on notice of prior accidents involving its skinning machines. The requirement of similarity is not as stringent when the evidence is sought to be admitted to show notice.  See Nachtsheim, 847 F.2d at 1269 n.9. "For purposes of proving other accidents in order to show defendants' awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed."  Id. (citations omitted).  Wallis further notes that she may use this evidence for the purposes of rebuttal.  To the extent that it is used to rebut Townsend's claim of a lack of knowledge of prior accidents, Wallis suggests that the Court should defer ruling on the issue.

Wallis states that she is not seeking to present evidence of specific accidents, claims or lawsuits.  Thus, it does not appear to the Court that  an *in camera* foundational showing is necessary.  This is especially true if the

only such evidence that Wallis seeks to present is the testimony of Cate. Although it does not appear that Wallis is seeking to present any evidence that would require an *in camera* foundational showing, the parties are free at trial to raise any objections to the admissibility of evidence.

(B)

Townsend also asserts that the testimony of Wallis's expert that the product was "defective in design" because it lacked an emergency stop device is not admissible.  Townsend contends that the expert, John Bloodgood, admits that such a device would not have prevented the accident and attempting to identify the precise decrease in time interval (to stop the machine) would be "speculation."  Thus, proximate cause between this defect and the accident (or the extent of Wallis's injury) is lacking as a matter of law.  Townsend contends, therefore, that Bloodgood's testimony is inadmissible.

Townsend further alleges that the testimony is not admissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny.  Moreover, Federal Rule of Evidence 702 requires that the

expert apply "the principles and methods reliably to the facts of the case."

Townsend claims that Bloodgood has failed in this regard because his

opinion on an emergency stop device is not connected with the case's facts.

Wallis responds to Townsend's argument that Bloodworth's testimony

is speculation and cannot establish proximate cause by noting that

Comment c to the Restatement of Torts (3d) § 16 provides as follows:

> *Determination of what would have resulted in the absence of the product defect*.  The task of determining what harm would have resulted had the product not been defective under Subsection (b) is often difficult.  Outright guesswork is not permitted, but neither should anything approaching certainty be required.  When an expert offers a rational explanation derived from a causal analysis, the testimony should, subject to the normal discretion of the trial court, be admitted for consideration by the trier of fact.

She further notes that Comment d provides in pertinent part:

> *Extent of liability for increased harm when proof does not support determination of what harm would have resulted in the absence of the product defect*.  Subsection (c) provides that when the plaintiff has proved defect-caused increased harm, the product seller is subject to liability for all harm suffered by the plaintiff if proof does not support a determination of what harm would have resulted if the product had not been defective.  The defendant, a wrongdoer who in fact has caused harm to the plaintiff, should not escape liability because the nature of the harm makes such a determination impossible.

6

Wallis alleges that although Bloodgood chose not to speculate regarding the extent of the harm had there been an emergency stop, he offered a rational explanation derived from causal analysis.

After reviewing the relevant deposition testimony from Bloodgood, the Court finds that although he could not testify with certainty regarding the potential extent of Wallis's injury had the machine been equipped with an emergency stop, his testimony could potentially assist the fact finder in a case like this.  In such cases, the Court prefers to allow an expert witness to testify and enable the adversarial system to run its course.  Accordingly, the motion in limine will be DENIED.

II.

(A)

In its motion to amend/correct its answer, Townsend states that while preparing for trial, it learned of an additional defense under Illinois substantive product liability law that may apply to the facts of this case: product misuse.  It claims that when the skinning machine was sold, it bore an on-product warning that stated as follows:

READ AND UNDERSTAND THE SAFETY INSTRUCTIONS
IN THE MANUAL BEFORE USING THIS MACHINE.

Wallis did not read the operator's manual at any time prior to the accident on September 28, 2005. The manual also included information on the "least hazardous glove known to Townsend."

Townsend alleges that under Illinois substantive product liability law, a manufacturer is entitled to have its instructions for the use of a product followed by the user. Moreover, the failure to follow instructions for the use of a product can be a use that is neither reasonably foreseeable nor intended by the manufacturer. In other words, it can legally constitute a "misuse" of the product.

Townsend contends that no unfair prejudice would result to Wallis if the amendment is allowed. It is based on facts that were disclosed in discovery many months ago. Thus, Wallis has been aware of these facts throughout the litigation. Because no new facts or discovery is involved, Townsend alleges that the amendment should be allowed under Federal

Rule of Civil Procedure 15(a)(2).[2]

Wallis opposes Townsend's motion, noting first that the time limits pertaining to amendments were set more than two years ago.   The Scheduling Order entered by Judge Evans on March 13, 2007, stated that "[n]o motions . . . to amend the pleadings are expected to be filed."  Wallis further alleges that Judge Evans essentially told the parties that if either party discovered a need to amend the pleadings, it should file a motion to do so as soon as possible.

Wallis also claims that Townsend's motion should be denied because it has failed to allege any facts that would establish the filing was in a timely and diligent manner (1) in discovering the need for the motion; and (2) in seeking Court leave after discovering the need to file such a motion.  Wallis claims that the allegations upon which Townsend bases its proposed affirmative defense have been known for more than two years.  Moreover, the case law on which it relies has existed for over twenty years.

Wallis further alleges that she would be prejudiced by the granting of

---

[2]Rule 15(a)(2) provides in pertinent part, "The court should freely give leave [to amend a pleading] when justice so requires."

Townsend's motion for leave to amend by adding a new and entirely different theory of defense less than a month before trial. She would be precluded from conducting any discovery on a new issue in the case.

Additionally, Wallis asserts that Townsend's proposed affirmative defense is not a proper defense in this case as a matter of law. She contends that Townsend representatives would on occasion visit the Cargill Plant and would have observed women and foreign born operators of the 7600 series skinning machine wearing gloves which were not recommended by Townsend. Wallis asserts that if a Townsend representative saw a Cargill employee wearing the smaller glove, the official was to have reported it to Townsend and Cargill as an unsafe work practice and tell Cargill that its employees should wear only the recommended glove. Moreover, Wallis claims not to have known of the existence of an operator's manual before her injury. Another employee, Juana Soto, testified that there were no warnings on the Townsend skinner that Wallis was operating when she was injured. Moreover, she never saw any technical manuals for the machine. Wallis contends that Townsend had a duty to warn which could not be

delegated to Cargill.

Wallis alleges that based on the facts and evidence known thus far, Townsend's affirmative defense of misuse of the skinning machine to a claim under strict liability is not recognized under Illinois law. Wallis further asserts that the Illinois Supreme Court has held that misuse as an affirmative defense will only act to reduce a plaintiff's damages, rather than bar the products liability claim. See Coney v. J. L. G. Industries, Inc., 97 Ill.2d 104, 119 (1983).

Wallis alleges that since Coney, the appellate court cases have found that the former rule–that unforeseeable misuse goes to the liability issue–has been replaced by the rule that unforeseeable misuse constitutes comparative fault, a damage-reducing factor (and an affirmative defense already pled by Townsend). She cites several appellate court decisions which have held that misuse–defined as a use which is neither intended nor foreseeable–is an affirmative defense which operates to reduce the plaintiff's damages. See Arellano v. SGL Abrasives, 246 Ill. App.3d 1002, 1010 (1st Dist. 1993); Varilek v. Mitchell Engineering Co., 200 Ill. App.3d 649, 666 (1st Dist.

1990); <u>Byrne v. SCM Corp.</u>, 182 Ill. App.3d 523, 554 (4th Dist. 1989).

Accordingly, Wallis alleges that the defense of misuse of the product is no longer a proper affirmative defense on the issue of Townsend's liability on her products liability claim.

(B)

The Court will Deny Townsend's motion. The trial date has been set for almost five months and will not be continued at this late date in order for a party to assert an affirmative defense. Although the facts upon which the motion is based were disclosed in discovery early in the litigation, the Court finds that Wallis would suffer at least some prejudice by her inability to conduct discovery on the proposed affirmative defense. Wallis earlier sought and was granted partial summary judgment on certain other affirmative defenses asserted by Townsend. She would not have that opportunity if Townsend were permitted to assert the affirmative defense.

The Court further concludes that allowing the motion would serve little purpose, for the reasons noted in that portion of Wallis's response brief which pertains to whether the defense of product misuse is allowed

under Illinois law.  In short, the Court concludes that the proposed defense is encompassed within comparative fault, a damage-reducing factor which has already been pled by Townsend.  Accordingly, the Court will DENY Townsend's motion to amend/correct its answer.

<u>Ergo</u>, the Defendant's motion in limine [d/e 91] is DENIED.  The Defendant's motion to amend/correct its answer to state an additional affirmative defense [d/e 96] is DENIED.

ENTER: September 9, 2009

FOR THE COURT:

s/Richard Mills
United States District Judge

13